[S. F. No. 372. In Bank.—December 14, 1897.]

## ALASKA IMPROVEMENT COMPANY, Respondent, v. CHARLES HIRSCH et al., Appellants.

INJUNCTION BOND—PREVIOUS ISSUANCE OF RESTRAINING ORDER—CONSIDERA-
TION—ORDER FOR BOND UPON MOTION OF DEFENDANT—RECITALS.—Where
a restraining order was issued in a United States circuit court
without requiring the plaintiff to execute a bond, and a bond was
subsequently required to be given upon motion of the defendant by
an order which did not purport to make the continuance of the re-
straint conditional upon the giving of the bond, and where the bond
given recited the issuance of the restraining order and the order
requiring the bond, and that it was given "in consideration of the
premises, and of the issuance of the restraining order," but did
not recite that it was executed to obtain a continuance of the re-
straining order, such bond is void for want of consideration, and no
action can be maintained thereupon, and a judgment thereon will
be reversed.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying a
new trial. A. A. Sanderson, Judge.

The facts are stated in the opinions.

John H. Miller, and Albert C. Aiken, for Appellants.

Daniel Titus, for Respondent.

TEMPLE, J.—Action upon an injunction bond. Defendants
appeal from the judgment and from an order denying a new
trial.

An action was brought against plaintiff in the United States
circuit court to enjoin it from using a certain trademark and la-
bel. October 23, 1890, a temporary restraining order was made,
pending an order to show cause why an injunction *pendente lite*
should not be issued. Both orders were served on that day. On
the next day, counsel for the defendant in the injunction suit,
plaintiff here, "moved the court for an order requiring complain-
ant to give a bond in the sum of ten thousand dollars condition-
ed for the payment to respondent of such damages as it may be
awarded, by reason of the issuance of said temporary restrain-
ing order, if the court should finally determine that complain-

ant was not entitled thereto." The order was made as requested.

The bond sued upon was given in pursuance of that order. It recited the issuance of the restraining order and the order requiring the bond, and that "in consideration of the premises and of the issuing of said restraining order" the sureties undertake in the penal sum of ten thousand dollars, and promise for complainant that he would pay all damages sustained by the defendant in that suit, by reason of the restraining order, if the court should finally determine that the complainant was not entitled to it. The court finally so held.

The defendants contend that the bond is absolutely void for want of consideration, and I think the contention must be sustained. The word "premises" in the bond refers, of course, to the recitals as to the bringing of the suit, the restraining order, and the order requiring the bond. The bond contains no recital to the effect that it was executed to obtain a continuance of the restraining order, and if it did such recital would amount to nothing unless it appeared in the order requiring the bond, or at least in some mode, that a bond was necessary to a continuance of such order. It does not appear that the restraining order was continued in force at all by reason of the bond, or that by giving it the plaintiff in the injunction suit gained any advantage whatever. The order requiring the bond did not make the continuance of the restraint conditional upon giving the bond, and in no way is it made to appear that the restraining order would have been dissolved if the bond were not given. The court could make the restraining order without a bond, and it was just as good for the plaintiff in that suit without a bond as with one.

It is said that the court could have dissolved the restraint if the bond had not been given, and since the judge required the giving of the bond, and thereby indicated his opinion that the defendant, who was enjoined, was entitled to one, it is to be presumed that he would have so acted. There is no presumption in the matter, and if there were it would not change the fact that the bond when given was without consideration. The judge could have dissolved the injunction although a bond had been given, but in neither case can we suppose that the injunc-

tion would have been dissolved without a notice and a hearing, nor until the plaintiff in that suit had been afforded an opportunity to give the bond after the alternative had been presented to him—in short, after a bond had been lawfully demanded.

But if the question of a dissolution of the restraining order was left for the future consideration of the court, and it would not have been dissolved by a failure to give the bond, then the giving of it did not secure its continuance. In principle, therefore, the case is on all fours with *Carter v. Mulrein,* 82 Cal. 167, 16 Am. St. Rep. 98, where the bond was given after the issuance of an injunction, but recited that it was given in consideration of its issuance. The decision is not made to turn, as suggested, upon a misrecital of the facts, but because the undertaking, having been given after the issuance of the writ, could not be considered as given in consideration of its issuance. It was therefore without consideration and void. In *Lambert v. Haskell,* 80 Cal. 611, the order expressly provided that the injunction should not continue unless the undertaking was given. The sureties contended that they could stand upon the letter of their contract, and as the bond did not recite such consideration, but, as they contended, a different and a void consideration, to wit, the previous issuance of the injunction, it was void. The court there, as distinctly as in *Carter v. Mulrein, supra,* recognized the fact that if the undertaking was given in consideration of the previous issuance of the writ it was void, but agreed that, under the circumstances, they were authorized to hold that the undertaking was given in consideration of the continuance of the injunction. In that case the order required the undertaking as a condition to the continuance of the restraint, and it was given in order to obtain such continuance. The recital of the consideration was not within the rule that a surety may stand upon the letter of his bond. The rule only has reference to the extent and measure of the liability of the surety. He cannot be held to have contracted to do more than he said he would do. Proof of a consideration for such a contract can be made as in other cases. Here, the giving of a bond was not made to affect the continuance of a restraint, therefore the continuance of the restraint could not have been a consideration for the bond, even though it had been so recited in the bond.

If these views are correct the other points made become immaterial.

The judgment and order are reversed.

Harrison, J., and Henshaw, J., concurred.

BEATTY, C. J., concurring.—I concur in the reversal of the judgment. The only possible consideration for the undertaking of the defendants was the continuance in force of the restraining order. Whether that was in fact the consideration was an issue clearly made by the pleadings, and that the fact was material cannot be doubted. But upon this material issue there is no finding. Matters of evidence are found from which the material fact might be inferred, but that is not sufficient to support the judgment.

VAN FLEET, J., and McFARLAND, J., dissenting.—We dissent. We think the conclusion reached in Department correct, and adhere to the views expressed in the opinion there filed.

The following is the opinion filed in Department Two, December 17, 1896:

HAYNES, C.—Action upon an injunction bond. The plaintiff had findings and judgment in its favor, and this appeal is from the judgment and an order denying defendants' motion for a new trial.

The action in which said bond was given was brought by the Alaska Packers' Association, a corporation, against the plaintiff herein, the Alaska Improvement Company, in the circuit court of the United States for the ninth circuit, northern district of California, the sole object of which was to obtain an injunction against the said Alaska Improvement Company enjoining and restraining it from using a certain label and trademark, which the said Alaska Packers' Association claimed the exclusive right to use, and which it was alleged said Alaska Improvement Company was then using in its said business, and had placed upon about five thousand cases of its salmon.

Said suit was commenced on the twenty-third day of October, 1893, and, upon filing the bill of complaint in said circuit court,

a temporary restraining order was granted, and an order made requiring the defendant therein, the Alaska Improvement Company, to show cause at a future day why an injunction should not be granted pending the litigation. Said restraining order and order to show cause were duly served upon the defendant in said suit the same day, and on the next day the defendant in said suit (the plaintiff in this action), upon its motion, obtained an order from said court "requiring complainant to give a bond in the sum of ten thousand dollars, conditioned for the payment to respondent of such damage as it may be awarded by reason of the issuance of said temporary restraining order, if the court should finally determine that complainant was not entitled thereto."

The bond given in pursuance of said order, and upon which this action was brought, is as follows: "Whereas, the above-named complainant has heretofore commenced the above-entitled suit in the circuit court of the United States, ninth circuit, northern district of California, against the above-entitled respondent, and has applied for and obtained a preliminary restraining order in said suit against the said respondent, enjoining and restraining it from the commission of certain acts, as more particularly specified in the said restraining order;

"And, whereas, thereafter, to wit, on October 24, 1893, said respondent applied to said court for an order requiring the complainant to make and execute to respondent an undertaking on said restraining order, conditioned as hereinafter specified;

"And, whereas, said court has granted said motion and fixed the amount of said undertaking in the sum of ten thousand dollars;

"Now, therefore, in consideration of the premises and of the issuing of said restraining order, we, the undersigned, residents of the state of California, do jointly and severally undertake, in the penal sum of ten thousand dollars, and promise to the effect that said complainant will pay to the said respondent such damages, not exceeding the sum of ten thousand dollars, as said respondent may sustain by reason of said restraining order, if the said court shall finally decide that the said complainant was not entitled thereto."

The first point made by appellant is that the court failed to find upon material issues raised by the answer.

The complaint alleged that: "The said defendants undertook upon consideration of the issuance of said injunction, and the continuation of the same, etc." The answer denied that the continuation of the restraining order was any part of the consideration. The court found "That upon the granting of said injunction by the circuit court no bond of indemnity was required by the said court or the judge thereof, but on the day following, to wit, on the twenty-fourth day of October, 1893, on motion of the defendants in that action, the plaintiff in this, the circuit court ordered the said Alaska Packing Association to make and enter into the bond set out in plaintiff's complaint herein. That under and in pursuance of said order the said defendants in this action made, executed, and filed in said court and cause the bond set out in plaintiff's complaint."

Whether the continuance of the restraining order was the consideration of the bond, in whole or in part, is a question of law to be determined from the order and the bond, the interpretation of which is within the province of the court. Even if it should be regarded as a conclusion of fact, the order and the bond were the only competent evidence by which the consideration could be shown.

The correctness of this conclusion is apparent from appellant's second and principal point, viz: that the only consideration for the making of the bond was the issuance of said restraining order; that the restraining order having been issued and served, there was no consideration for the bond; and that the bond was not given in consideration of the continuance of said restraining order.

It is conceded that a surety has a right to stand on the express terms of his contract, and that a past or executed consideration is not sufficient to support his promise. But we think that the recitals of the bond and the consideration expressed therein are sufficient.

The bond recites the prior commencement of the action, that a preliminary restraining order had issued, that afterward the respondent in said action applied to the court for an order requiring the complainant therein to make and execute "an undertaking on said restraining order conditioned as hereinafter specified," and further recited that said motion was granted, and

that the amount of the undertaking was fixed by the court, and
the obligatory part of the undertaking in which the expressed
consideration upon which it is made is as follows: "Now, there-
fore, in consideration of the premises and of the issuing of said
restraining order, we, the undersigned," etc.

It is thus apparent that the "issuing" of said restraining or-
der is not the only consideration for the execution of the bond.
The word "premises" expresses part of the consideration. The
word "premises" means "that which is before; introduction;
statements previously made." (Bouvier's Law Dictionary.)

In Rapalje and Lawrence's Law Dictionary the word "prem-
ises" is defined as follows: "In the primary sense of the word,
'premises' signifies that which has been before mentioned; thus,
after a recital of various facts in a deed, it frequently proceeds
to recite that in consideration of the premises, meaning the facts
recited, the parties have agreed to the transaction embodied in
the deed."

The said recitals in said bond clearly show the previous is-
suance and present existence of said restraining order, and that
the application for an undertaking was made in view of its ex-
istence, and, therefore, of its intended continuance. Besides,
the obligatory part of the bond is not that the sureties therein
will pay such damages as the defendants in that action might
sustain by reason of its issuance simply, but their undertaking
and promise is that they will pay to the "respondent such dam-
ages, not exceeding the sum of ten thousand dollars, as said re-
spondent may sustain by reason of said restraining order."

It is said, however, that the circuit court had power, under
section 718 of the Revised Statutes of the United States, to issue
such restraining order without requiring any bond or security,
and that the order requiring a bond did not provide that, upon
a failure to give it, it should be dissolved; and that, therefore,
it must be assumed that the continuance of the restraining or-
der did not depend upon the giving of the bond. It is quite true
that the court might have rescinded its order requiring a bond
to be given, or, upon the other hand, upon the failure to give it,
might have discharged the restraining order. The fact, how-
ever, is that the bond was given and the restraining order re-
mained in full force, so that all the benefit the complainant

could derive from the restraining order was realized, and all the injury inflicted thereby upon the respondent herein was suf-. fered.

This case is broadly distinguishable from that of *Carter v. Mulrein*, 82 Cal. 167, 16 Am. St. Rep. 98, cited by appellant. In that case the order was that an injunction issue upon the filing of the bond. The writ was issued without the filing of the bond, and the bond then in controversy was dated and issued several days after the issuance of the writ. The bond in that case recited the order that upon the filing of the bond a writ of injunction should issue, and the consideration expressed in the bond was as follows: "That now, therefore, in consideration of the premises and that said writ of injunction may issue, we undertake," etc. No writ was issued after the filing of the undertaking. It was held, as we think rightly, that the bond was without consideration. The sureties there were not, as here, charged with notice that the injunction had already issued.

A case much more nearly in point is that of *Lambert v. Haskell*, 80 Cal. 611. In that case, a preliminary injunction had been issued on an insufficient undertaking, and upon a motion to dissolve it was ordered that the injunction be dissolved unless a proper undertaking be given. In response to that order the undertaking was given, and the consideration expressed in the new bond is as follows: "Now, therefore, we, the undersigned, . . . . in consideration of the premises and of the issuing of said injunction, do jointly and severally undertake, in the sum of ten thousand dollars, and promise to the effect that in case said injunction shall issue the said plaintiffs will pay," etc.

The court said: "If the language had been 'in case said injunction shall be continued in force,' instead of 'shall issue,' there could have been no doubt. The question is, therefore, whether the words 'shall issue' can be construed to mean 'shall continue in force.' Now, we think that there might be cases in which the circumstances show that the two phrases were used as equivalent to each other." The execution of the bond is admitted by the defendants, and, as it recites the pendency of the suit and the previous issuance of the temporary restraining order, the defendants are conclusively charged with knowledge of those facts. (*Pierce v. Whiting*, 63 Cal. 540.) And not only

so, but the very condition of the bond is that they will pay such damages "as said respondent may sustain by reason of said restraining order," thus expressly admitting a liability for its continuance. The provision of the Civil Code, section 2836, that "a surety cannot be held beyond the express terms of his contract," must be read in connection with other provisions of the same code. The next section (section 2837) is as follows: "In interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts."

Section 1636 of the Civil. Code provides: "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." So, "a contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." (Civ. Code, sec. 1643.) Interpreted by these rules, we think the bond is not open to appellants' objection that it was without consideration, but that it was given in compliance with the obvious purpose and intent of the order of the court.

Appellants further contend that this action was prematurely brought, inasmuch as the time for appeal from the judgment of the circuit court had not expired.

The complaint alleged that a final judgment had been entered in that action. To this the defendants answered that it had not yet become final "in the sense contemplated by the said bond, for the reason that said judgment or decree, if ever made or entered at all, was not made or entered prior to the twentieth day of July, 1894, and that under and by virtue of the laws of the United States in that behalf made and provided, the complainant in that suit had the right to appeal to the circuit court of appeals of the United States from the said judgment and decree at any time within six months from said twentieth day of July, 1894."

In support of their said contention appellants cite section 1049 of the Code of Civil Procedure, which reads as follows: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

We are not cited to any case where it has been held that an action upon an injunction bond will not lie until the time for appealing the case in which it was given has expired, nor have I found any case where that question has been directly raised. The cases upon injunction bonds are numerous, and all seem to assume that when a final judgment has been entered by the court in the suit in which the bond was given, an action upon the bond may be brought. But we think it is not necessary here to decide that question. The answer only alleges that the time for taking an appeal had not elapsed, and does not allege that the judgment had not been satisfied, while under the code provision relied upon by appellants a satisfaction of the judgment makes it final, though the time for appeal has not expired, and, if necessary to support the judgment against the sureties, we must assume, in the absence of allegation or proof to the contrary, that the judgment in the circuit court had been satisfied. That judgment was that the complainant take nothing by its action, and that the respondent recover its costs, and upon the trial of this case in the court below it was stipulated and agreed between the parties "that no damages of any kind were assessed or awarded to the defendant in that suit, except the costs of the court which were awarded in the usual manner and duly paid by the complainant." In the light of the fact that satisfaction of the judgment was not negatived in the answer, we must assume that it was satisfied at the date of its entry.

Appellants further contend that the items of damage, making up the aggregate of two thousand one hundred and ninety-five dollars, are not segregated or itemized in the finding (except as to counsel fees), and said finding is also attacked as not justified by the evidence.

In the testimony of Mr. Madison the several items of damage and the amount of each are stated, aggregating a larger sum than that stated by the court in its finding, so that there was evidence tending to sustain the finding as to the total amount. We have, however, gone over the testimony of Mr. Madison as to each item enumerated by the witness, and think his evidence would have justified the court in finding a slightly larger sum (aside from attorneys' fees) than that for which judgment was rendered.

We think the item of five hundred and twenty dollars, loss on salmon purchased, should not be wholly disallowed, as appellants claim, but that at least one hundred and thirty-five dollars thereof might be properly allowed. Reducing that item as above, and excluding the item of interest (three hundred and fifteen dollars) and the twenty dollars paid for transcript, our computation exceeds that of the court below by six dollars and fifty cents, as to the damages, aside from attorneys' fees which will be considered separately.

It would have been convenient if the damages had been itemized, but we know of no rule requiring it, at least in the absence of a request for a finding upon each item.

The findings show that one thousand dollars was allowed as attorneys' fees for services rendered in procuring a dissolution of the injunction. We think no part of this sum should have been included in the damages awarded the plaintiff.

That sum was paid counsel, and it was all that was paid him for his services in the case. It is claimed, however, that no other services of value were rendered. There was no motion made to dissolve the preliminary restraining order. If the order to show cause why an injunction should not be granted pending the suit had not been accompanied by the restraining order, all the services that were in fact rendered upon the hearing of the order to show cause would have been necessarily performed in preventing the granting of that order, and in such case it is well settled that attorneys' fees are not allowed. The restraining order by its very terms could only continue until the decision of the order to show cause, and a denial of an injunction *pendente lite,* upon the hearing of that order, necessarily terminated the existence of the restraining order. It is true it had the effect of showing that the restraining order should not have been granted, and entitled the party enjoined to recover damages suffered during its continuance, and these have been properly allowed; but it does not follow that counsel fees for services in defeating the order to show cause can be allowed as damages sustained by reason of the previous existence of the restraining order, any more than attorneys' fees for services upon the final trial of the cause in preventing a perpetual injunction could be allowed as damages because the denial of a per-

petual injunction necessarily dissolved an injunction granted *pendente lite.*

The recent case of *Curtiss v. Bachmann,* 110 Cal. 433, 52 Am. St. Rep. 111, is conclusive of this question and relieves us from its further discussion.

It is also contended that three days intervened between the issuing of the injunction and the giving of the bond, that much of the damage accrued during that time, and that the sureties are not. liable therefor. We think the consideration stated in the recitals and conditions of the bond covered the whole time from the service to the dissolution of the restraining order, but, if it were otherwise, the defendants should have raised the question by objecting to plaintiff's evidence which apparently covered the whole of said period, or have sought to segregate and exclude the portion of damages accruing before the bond was executed, or in some way raised the question in the court below. Besides, we do not find any specification of error which presents that question.

The judgment should be modified by deducting therefrom said sum of one thousand dollars, and as so modified the judgment and order appealed from should be affirmed, the appellant to recover the costs of this appeal.