[Civil No. 2417.   Filed March 1, 1926.]

[243 Pac. 606.],

## MASON DRY GOODS COMPANY, a Corporation, Appellant, v. SALIM ACKEL, Appellee.

1. JUDGMENT—IN INJUNCTION SUIT TO PRESERVE LANDLORD'S LIEN, JUDGMENT THAT TENANT PAY A SUM IS NOT RES JUDICATA THAT THE INJUNCTION WAS RIGHTFUL, FINDINGS BEING TO CONTRARY.— Where landlord to preserve his lien for rent sued out injunction to prevent tenant removing property and judgment is that tenant pay stated sum of money, it is not *res judicata* that injunction was issued rightfully, especially when findings show it was not.

2. INJUNCTION.—In injunction suit to preserve landlord's lien under Civil Code of 1913, paragraph 3671, where no rent was due, but only deferred payments on fixtures, injunction was wrongful.

3. JUDGMENT.—Judgment not appealed is *res judicata* as to matters determined.

4. INJUNCTION.—Reasonable attorney's fees incurred in procuring dissolution of injunction are proper elements of damage in suit on the bond.

5. INJUNCTION—REASONABLE INVESTIGATOR'S EXPENSES, COURT AND DEPOSITION COSTS REASONABLY NECESSARY ARE PROPER ELEMENTS OF DAMAGE IN SUIT ON INJUNCTION BOND.—Reasonable investigator's expenses, court and deposition costs reasonably necessary are proper elements of damage in suit on the bond for an injunction that was dissolved.

6. COURTS.—Federal decisions are not binding on Supreme Court where thought wrong in principle, save on federal questions.

See (1) 34 **C. J.**, p. 915, n. 52.   (2, 3) 32 **C. J.**, p. 34, n. 47; 34 **C. J.**, p. 901, n. 87, p. 902, n. 92.   (4, 5) 32 **C. J.**, p. 471, n. 48, p. 472, n. 64, p. 481, n. 83.   (6) 15 **C. J.**, p. 928, n. 69.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   Joseph S. Jenckes, Judge.   Judgment reversed, with instructions.

Messrs. Stockton & Perry, for Appellant.

3.   See 15 **R. C. L.** 962.
6.   See 7 **R. C. L.** 1013, 1014.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellee.

LOCKWOOD, J.—Salim Ackel was, and is, the owner of certain premises on Washington Street, in Phoenix, Arizona. On March 1st, 1922, he leased the same to Edward Carter and John Mason, who were then copartners in business, for the term of two and one-half years from the first day of March, 1922. On June 1st, 1922, by mutual consent of the parties, Carter was discharged from liability on the lease, and Mason became the sole lessee. Shortly after, Mason, with the consent of Ackel, assigned his interest in the lease to Mason Dry Goods Company, a corporation, hereinafter called the company.

About the tenth day of January, 1924, Ackel brought suit against the company, alleging in substance that it was the lessee of the premises mentioned above; that its lease did not expire until September 1st, 1924, but notwithstanding such fact, the company had given written notice that it would vacate the premises on the 31st of January, 1924, discontinue payment of the rent after that date, and remove all its fixtures and personal property from the premises. He then set up his landlord's lien, under paragraph 3671, Revised Statutes of Arizona of 1913, Civil Code, and asked for an injunction prohibiting the company from removing any of its property from the leased premises, or disposing of it except in the ordinary course of business. The company answered, admitting the lease and its intention to remove its property from the premises, and alleged that by mutual consent of the company and Ackel, it had been agreed that the lease should be terminated as of January 31st, 1924, and that it gave notice of its intention to vacate on account of such termination by mutual consent.

A temporary restraining order was duly issued on Ackel's complaint with a bond in the sum of $6,000, signed by Ackel, and by Sam Ballsum and J. G. Georgouses as sureties, conditioned for the payment of "all costs and damages that may be incurred or suffered by any party or parties who may be found to be wrongfully enjoined or restrained thereby, if the said superior court finally decides that said plaintiff was not entitled thereto." On January 17th the company, in order to minimize the damages accruing because of the restraining order, deposited with the clerk of the court $4,900 in cash, it being agreed that was the amount which would be due upon the lease if it had not been terminated before September 1st, 1924, and the court entered an order settling the terms of the deposit to be:

"That out of the money so deposited the clerk of this court shall pay to the plaintiff in said action, Salim Ackel, the amount that may be ascertained and determined in this or any other action that may be brought in this court, to be due the plaintiff from the defendant upon the plaintiff's alleged lease of the premises. . . . "

And thereupon the temporary restraining order was dissolved.

The case came on for trial, and a single interrogatory was submitted to the jury, the answer to which was adopted by the court as a part of its findings of fact, and which necessarily carried with it as a conclusion of law, when taken with the admitted facts, that the lease had, before the filing of the suit, been terminated by mutual consent as of January 31st, 1924. The court further found that at the time the lease was made certain fixtures on the premises were sold by Ackel to Carter and Mason, which it was agreed the latter should pay for at the rate of $200 per month during the term of the lease, which payments

for the fixtures would be added to the monthly payments to be made for rent, and paid at the same time, and that the company, when it accepted the lease, agreed to continue such payments. The court also found that all payments of every nature due Ackel up to and including the thirty-first day of January had been duly made before the suit was begun, but that there was still owing him, not as rent, but as payment on the purchase price of the fixtures, the sum of $1,400. Therefore the court ordered, "as a condition precedent to the cancellation and termination of the lease," that there should be paid Ackel, out of the money on deposit with the clerk of the court, the amount still due Ackel from the company for the fixtures, and "that said lease be and is hereby canceled and terminated, as of January 31st, 1924."

The money for the fixtures was duly paid to Ackel, and thereafter the company commenced suit against him and his sureties on the injunction bond, setting up the foregoing facts in regard to the lease, its termination, Ackel's suit for injunction, and the proceedings therein, and alleging that they had been damaged by said suit in the total sum of $2,074.95, consisting of four items: First, $1,000, caused by the prevention of the company from attending to business during the continuance of the restraining order; $800 attorneys' fees and expenses in the defense of the action; $161.20 court and deposition costs, and attorneys' fees in New York; and $113.75 investigators' expenses. The original complaint alleged malice and want of probable cause in Ackel's suit, but these allegations were stricken on motion, and plaintiff having dismissed as to the sureties, an amended complaint was filed. Ackel then filed a motion to strike, a motion to make more definite and certain, and a general demurrer. The motion to strike covered practically all of the material allega-

tions of the company's amended complaint, particularly in regard to its allegation that the lease was terminated as of January 31st, 1924, and also its allegation for damages for everything except the $1,000 loss of business. The court sustained the motions to strike and the general demurrer, and plaintiff electing to stand upon its complaint, judgment was entered in favor of defendant, and from this judgment on the pleadings plaintiff appeals.

There are three assignments of error, but we will consider the general questions of law involved, rather than the formal assignments, since they in effect raise the questions we wish to discuss. The theory of Ackel, whom we shall hereafter call defendant, was necessarily that, under the facts as stated above, the temporary restraining order in the previous suit was properly issued, and he contends that the trial court by its judgment in that suit so determined, and the matter is *res judicata* in this action.

The judgment in the previous case contains two positive orders: First, that the clerk pay to Ackel $1,375.50 out of the moneys in his hands deposited by the Mason Dry Goods Company; and, second, that the lease be canceled as of January 31st, 1924. The order canceling the lease as of January 31st, 1924, could be justified only on the theory that the parties had agreed, before the suit was filed, to such a termination. If the lease was terminated as a matter of law as of the thirty-first day of January, 1924, before Ackel brought suit, the company was fully within its rights in attempting to remove all its property from the premises, and it being admitted the rent was paid up to that time, no landlord's lien could exist. If no landlord's lien existed, the injunction was wrongfully issued, for the alleged lien was the sole thing which Ackel alleged entitled him to the injunction, and he would therefore be liable on his bond for any dam-

ages caused by the superior court deciding, as its order canceling the lease necessarily implied, that he was not entitled to the injunction.

But, it will be urged, the order that the $1,375.50 should be paid to plaintiff was necessarily a finding that he was entitled to his injunction. The mere order that a party be paid a certain amount of money does not necessarily imply that he is entitled to an injunction to preserve a landlord's lien, and if we consider simply the formal judgment, it certainly is not *res judicata* in favor of plaintiff's right to an injunction. On the other hand, if we consider the findings of the court, as well as the formal adjudication, and particularly the finding as to why Ackel was entitled to the payment of the $1,375.50, it appears affirmatively that Ackel was not entitled to any injunction. The court found that the company had agreed to pay Ackel, not as rent, but as the purchase price of certain fixtures, $200 per month, up to the 1st of September, 1924, and based its order to pay the $1,375.50 specifically on the agreement to pay for fixtures, and not for rent due or to become due.

The landlord's lien on which Ackel relied is allowed to secure payment of rent, and for nothing else; the statute does not extend it to cover deferred payments upon personal property purchased from another, even though he be the landlord. The judgment of the court ordering the payment of the balance of the purchase price of certain chattels out of a sum deposited to secure the payment of rent in a suit to enforce a landlord's lien for rent was outside the issues of the case, and had the company appealed from that judgment, it would undoubtedly have been reversed by this court, so far as such order was concerned. Not having appealed, it is, of course, *res judicata* as to what it determined, which was and could be only that the company owed Ackel the sum

of $1,375.50 for fixtures. But it is not *res judicata* that the injunction was rightfully issued, but, on the contrary, when read as a whole, in our opinion, the judgment is conclusive that within the condition of the bond "plaintiff was not entitled thereto." Such being the case, the trial court erred in striking from the complaint the provisions in regard to the termination of the lease, and necessarily erred in sustaining the general demurrer, as the complaint did state a cause of action.

We think that reasonable attorneys' fees incurred in procuring the dissolution of an injunction are proper elements of damages in a suit on the bond. *Jacobson* v. *Laurel Canyon Min. Co.,* 27 Ariz. 546, 234 Pac. 823. And the same rule applies to the other expenses and costs set up in the complaint in this action, if it should appear on the trial that they were reasonably necessary in procuring the dissolution of the injunction.

The case of *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266, cited by counsel for appellee, was decided on the theory that this court was bound in territorial days by the decisions of the Suprème Court of the United States. That was true then, but since Arizona has become a state, while we consider the federal decisions with the highest respect, we no longer are bound to follow them, save on federal questions, where we think they are wrong in principle. We think as a matter of logic and common sense, and even fundamental justice, when a party has secured the extraordinary remedy of an injunction against another wrongfully, and has caused that other expense in securing an attorney to protect his rights, a reasonable attorney's fee is a proper element of damages, and the case of *Greer* v. *Richards, supra,* in so far as it may hold to the contrary, is expressly

overruled. The same is true as to the other items of alleged damages.

The judgment is reversed and the cause remanded to the superior court of Maricopa county, with instructions to overrule the demurrer and the motions to strike, and for such further proceedings as may be proper and not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.