[Civil No. 2577.   Filed April 25, 1927.]

[255 Pac. 488.]

SALIM   ACKEL,   Appellant,   v.   MASON   DRY
GOODS COMPANY, a Corporation, Appellee.

34

Mr. J. L. B. Alexander and Mr. Robert McMurchie, for Appellant.

Messrs. Stockton & Perry, Mr. J. W. Faulkner and Mr. T. P. Riordan, for Appellee.

ROSS, C. J.—This action is for damages and is predicated upon defendant Ackel's promise or undertaking in an injunction bond to the effect that if the restraining order applied for should wrongfully enjoin and restrain plaintiff, Mason Dry Goods Company, and if the court should so decide, he would pay to the Mason Dry Goods Company "all costs and damages" incurred or suffered by reason thereof. Defendant filed motions to strike certain parts of the complaint and also a general demurrer. The motions being granted and the demurrer sustained, the plaintiff appealed. We reversed the action of the lower court and remanded the cause for further proceedings. 30 Ariz. 7, 243 Pac. 606. In our opinion we liberally stated the cause of action as set out in the complaint and will not repeat it here.

When the case reached the trial court, defendant joined issues by a general denial. The case was tried

by the court with a jury and resulted in a verdict and judgment for plaintiff for $1,000. The appeal is from the judgment and the order overruling a motion for a new trial.

Ten errors are assigned, but we think they raise but four propositions. The first one is the contention that the damages alleged and proved were not *all* incurred or suffered by reason of the injunction restraining plaintiff from removing its property from the leased premises, and therefore are not covered by the terms of the injunction bond. The damages the injunction bond cover are those that arise from wrongful use of the writ, and, where the action is one in which the principal or sole relief sought is injunctive, they fall easily within the terms of the bond. However, when the injunction is collateral to the main action, only the costs and charges incidental to the injunction are chargeable against the injunction bond, and, where the litigation assumes this twofold aspect, the party seeking to recover his damages against the injunction bond must segregate those arising by reason of the wrongful use of the injunction from any damages or costs incurred in the main action. *Jacobson* v. *Laurel Canyon Min. Co.*, 27 Ariz. 546, 234 Pac. 823. The damages proved in this case were not segregated, but were submitted to the jury upon the theory that they were all directly or consequentially incurred or suffered by reason of the use of the injunction.

The purpose of the injunction was to prevent the Mason Dry Goods Company from removing its stock of goods and fixtures from the leased premises, so that as the rental became due and payable such property would be affected with the landlord's lien. It was not used to subject the personal property of the dry goods company to the payment of a present debt, but of a debt that might accrue in the future. The deposit in court of the $4,900 by the dry goods com-

pany was made by mutual consent and with the approval of the court for the purpose of securing Ackel's claim for rent, should he establish that any rent was due him, and at the same time to discharge the restraining order and permit the dry goods company to remove its property from the rented premises. Instead of the security sought through the injunction, Ackel then secured the deposit of enough money to satisfy his claim should he succeed. The force of the injunction was thereby suspended, but the effect was preserved in the deposit.

Whether or not the injunction was wrongfully used under the order of thé court was left to be determined in a trial of that issue in the action then pending, or in an action to be brought. In such action, Ackel, to justify the employment of the injunction to keep his tenant's property and subject it to a landlord's lien, had to prove tenancy beyond the thirty-first day of January, 1924. If he failed to prove that, his claim of lien was unfounded, and, of course, the injunction wrongfully used; or, in other words, if the dry goods company established in such action that the lease was by mutual consent terminated on January 31, 1924, it had a perfect right to remove its property from the rented premises, and any interference therewith by Ackel, by injunction or otherwise, was wrongful.

But it is said by the defendant that the damages alleged and proved consisted of attorney's fees for services rendered, mostly after the writ of injunction was discharged; that the costs in procuring testimony and for investigation were likewise subsequent to the discharge of the injunction; and that, therefore, they are not legitimate claims against the injunction bond. Nominally, and perhaps literally, these costs and charges were incurred by the dry goods company in proving its contention that the lease was canceled

and that it was at liberty to remove its property from the leased premises, free from any lien or claim of rent.

While the deposit to secure relief from the writ of injunction may have had the effect of changing the form and nature of the action, we think, in substance, the defendant's action was changed from a claim of a landlord's lien on the property to a lien upon the deposit for rents, should he establish he was entitled to rent after January 31st. That the action in which the injunction bond was given had for its sole object injunctive relief and could not have been maintained upon any other theory is quite apparent. At the time of its institution the dry goods company owed Ackel nothing. He had no grounds for action other than one to maintain the *status quo* of the tenancy so that he might have a lien for accruing rent, and the only proceeding available for that purpose was by injunction.

So we conclude that the damages proved were all properly chargeable against the undertaking in the injunction bond, and that it was not error for the court to so treat them. Technically the defendant's contentions may appear to be right, but to sustain them would be substituting mere shadow for substance, and that we feel we should not do.

The next proposition is that the costs of taking a deposition to be used in the trial of the injunction case was adjusted by the judgment in that case and the plaintiff foreclosed from recovering them as part of his damages in this suit upon the injunction bond. In the injunction case the court ordered that each of the parties bear and pay his own costs, including one-half each of the jury fee. We know of no law authorizing such disposition of the costs; the statute being that the successful party shall recover of his adversary all his costs. Paragraph 628, Civil Code 1913. But treating such order as valid and bind-

ing, it was *res judicata* only in that case. It would not make the costs borne and paid under the order any the less damages incurred and suffered by reason of the wrongful use of the injunction.

The third proposition is that the compensation of an investigator, employed by plaintiff to locate a witness to the agreement canceling lease and to ascertain what his testimony would be, was improperly submitted to the jury as an element of damages, because it was not shown that such evidence was relevant or would support plaintiff's contention on that point. We think a statement of the contention refutes defendant's conclusion.

The fourth proposition is that the bond sued on is without consideration. It appears that two bonds were given. The first, for $2,500, was given before the injunction was issued. Thereafter the court ordered that the amount of the bond be increased to $6,000 and that such bond be in lieu of and supersede the original bond. Defendant signed both of these bonds as principal and the complaint sets both of them out and alleges that they were each breached.

In support of this proposition defendant cites *Alaska Improvement Co.* v. *Hirsch,* 119 Cal. 249, 47 Pac. 124, 51 Pac. 340, which was a suit against the principal and sureties upon an injunction bond, given after the issuance of a restraining order. The sureties, not the principal, successfully defended on the ground that the bond was without consideration; the restraining order having already issued. In that jurisdiction the court could issue a restraining order without a bond. That, however, is not true here. Paragraph 1462 of our Civil Code provides:

"No restraining order or interlocutory order of injunction shall issue except upon the giving of security by the applicant in such sum as the court or judge may deem proper, conditioned upon the payment of such costs and damages as may be incurred

or suffered by any party who may be found to have been wrongfully enjoined or restrained thereby.''

We do not think the defendant, who was the principal upon these bonds, could, in the absence of the above statute, urge a want of consideration. He certainly cannot do so in the face of the statute. The sureties on these bonds are not before us and their liability is not involved.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.