## SUPERIOR OIL CORPORATION v. IN-TERNATIONAL ASSOCIATION OF OIL FIELD, GAS WELL AND REFINERY WORKERS OF AMERICA, LOCAL NO. 209, et al.

No. 26789.   March 31, 1936.

N. A. Gibson, J. H. Maxey, A. B. Carpenter, and Wilbur J. Holleman, for plaintiff in error.

George E. Norvell and Woodson E. Norvell, for defendants in error.

BAYLESS, J.   The plaintiff in error, Superior Oil Corporation, a corporation, as plaintiff, instituted an action in the district court of Pottawatomie county, Okla., against the defendants, International Association of Oil Field, Gas Well and Refinery Workers of America, Local No. 209, et al., defendants in error in this court, for injunctive relief. The trial court denied plaintiff a temporary injunction, and plaintiff brought this appeal.

The plaintiff commenced the action by filing a petition alleging its ownership of and operation of certain oil and gas leaseholds in said county, and certain acts and threatened acts on the parts of the defendants, asserted to be in violation of plaintiff's legal rights and likely to result in irreparable injury and damage, to prevent which it had no plain, speedy, or adequate remedy at law. At the same time it filed what is denominated "notice," which bears an affidavit of service thereof upon the following named defendants: Homer McCurry, Pierce Redding, Oscar Girty, Roy Cooper, E. C. Eidson, Frank Conley, Roy Stratton, L. H. Hopper, W. H. Westingberger, International Association of Oil Field, Gas Well and Refinery Workers of America, Local No. 209, and International Association of Oil Field, Gas Well and Refinery Workers of America, by serving a copy on W. H. Westingberger, C. H. Chaffin, Aaron Holden, and O. Owens. This notice was not process, because it did not run in the name of the state of Oklahoma.

This notice was to the effect that on October 21, 1935, the plaintiff would file its petition, as above stated, asking permanent injunctive relief, and at 9:00 o'clock a. m. of said day would apply for temporary injunctive relief.

On the day and hour specified in said notice the matter was presented to the court. Those present in person or by counsel were plaintiff and the following defendants: C. H. Chaffin, W. H. Westingberger, International Association of Oil Field, Gas Well and Refinery Workers, Local No. 209, International Association of Oil Field, Gas Well and Refinery Workers of America. Two other defendants were present and testified, but the journal entry recited that no defendants except those just above named were present as parties.

The petition in error names all of the defendants and complains of the refusal of the trial court to grant a temporary injunction against them.

The trial court had no jurisdiction to grant a temporary injunction against the defendants Homer McCurry, Pierce Redding, Oscar Girty, Roy Cooper, E. C. Eidson, Frank Conley, Roy Stratton, L. H. Hopper, Aaron Holden and O. Owens. No action was commenced against them. An action is commenced by filing a petition and issuing a summons. Section 164, O. S. 1931. A petition was filed herein, but no summons was ever issued or served upon the defendants just named. Any judgment entered against them would have been a nullity under this record.

As to the defendants C. H. Chaffin, W. H. Westingberger, International Association of Oil Field, Gas Well and Refinery Workers, Local No. 209, International Association of Oil Field, Gas Well and Refinery Workers of America, the judgment of the trial court

is not erroneous. They were not served with summons, but voluntarily appeared and subjected themselves to the jurisdiction of the court. The record contains evidence of positive acts of aggression toward interference with, and illegal acts against, the plaintiff committed by certain of the defendants not affected by the judgment for a lack of jurisdiction. There are certain communications from the defendant organizations which may under a strained construction be treated as mild threats. There is no evidence in this record of any action by the organizations or the officers thereof named in this action which would justify a court entering an injunctive order.

Judgment affirmed.

McNEILL C. J., and WELCH, CORN, and PHELPS, JJ., concur.