347 P.2d 33

John J. CLOETER, Frances Cloeter, and John J. Inc., a corporation, Petitioners,

v.

SUPERIOR COURT of State of Arizona IN AND FOR COUNTY OF PIMA, and Lee Garrett, a Judge thereof, Respondents.

No. 7001.

Supreme Court of Arizona.

Dec. 2, 1959.

May, Lesher & Dees, Tucson, for petitioners.

Richard N. Roylston, Tucson, for respondents.

PER CURIAM.

Petitioners above named made this original application for a writ of prohibition against the Superior Court of Pima County, Honorable Lee Garrett, presiding judge. After an informal hearing held under the provisions of Rule 1 (Rules of the Supreme Court, 17 A.R.S.), we directed the issuance of an alternative writ of prohibition. At that time counsel for all of the parties stated they would stand upon the written memorandums of law already filed; hence the matter was ordered submitted for decision.

A detailed recitation of the facts is unnecessary. It will suffice to state that consolidated actions (numbered 56694 and 56613) were pending before the respondent court. The individual petitioners above named were third party defendants therein, and the corporate petitioner (an alter ego) was an added defendant on a counterclaim of the original defendants. The trial court upon application of Vought—the original defendant below—entered temporary restraining orders against petitioners * * * which have now been made a preliminary injunction, pendente lite, * * * restraining petitioners Cloeter from removing from the jurisdiction, or transferring or encumbering, any property which they might in the future acquire by virtue of certain mortgages, and from transferring said mortgages. A bond of one dollar was exacted and posted. It should further be noted that the original action was one for replevin, and the included action of the defendants Vought against petitioners was based upon alleged wrongful acts as officers and directors of petitioner John J. Inc., and

402

sought damages in money. In addition it appears that the Referee in Bankruptcy for Arizona is handling certain phases as to the validity of certain of the mortgages here in question.

It indubitably appears from this record that the respondent court and judge thereof are substituting an improper equitable remedy—in which no adequate bond is posted to protect the petitioners and their property rights—for a clear legal remedy, i. e., of attachment and garnishment (where adequate bonds are a condition precedent). This cannot be done. The controlling legal principles are succinctly set forth in a replevin action entitled Valley Drive-In Theatre Corp. v. Superior Court, 79 Ariz. 396, 291 P.2d 213, which involved a situation practically identical with the instant case. There the present respondent court (and the same judge) were told in no unmistakable terms that courts of equity are as much bound by the plain and positive provisions of a statute as are courts of law, and where rights are clearly established and defined by statute, equity has no power to change or upset such rights.

Clearly the trial court was without jurisdiction to enter the orders in question.

The alternative writ of prohibition heretofore issued is made peremptory.