464 P.2d 668

Donald Edward BUSSART, and Keith F. Quail, John M. Favour, Joseph De Pasquale, Donald R. Bulechek, William E. Craig, John B. Schuyler, Jr., and All of the Employees of the Law Offices of Favour & Quail, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF YAVAPAI, the Honorable Jack L. Ogg, Judge thereof, and Irene Aileen Bussart, Respondents.

No. 1 CA-CIV 1267.

Court of Appeals of Arizona, Division 1.

Department B.

Feb. 5, 1970.

Review Denied April 14, 1970.

Keith F. Quail, Favour & Quail, Prescott, for petitioners.

George M. Ireland, Prescott, for respondents.

JACOBSON, Judge.

Petitioners seek issuance of a writ of prohibition to prevent the respondent trial judge from proceeding further with respect to an "ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER" entered upon the *ex parte* application of the respondent Irene Bussart after she had commenced an action for divorce against Donald Edward Bussart, one of the petitioners herein. The remaining petitioners are the partners and employee of a law firm, one member of which has been retained by Donald Bussart. We granted an informal hearing, pursuant to Rules of the Supreme Court, Rule 1(c), 17 A.R.S. (1969–70), at which time the matter was taken under advisement.

The petitioners have advanced a number of grounds for issuance of the writ, but we focus our attention on the single question of whether a party's attorneys who are not parties to an action can be enjoined by a restraining order which does not purport to be binding upon the party himself.

Irene Bussart filed her complaint for divorce in the Superior Court of Yavapai County, in which she alleged that Donald Bussart was a resident of Arizona, temporarily residing in Japan. Although Irene petitioned for and was granted authorization to serve Donald Bussart by publication pursuant to Ariz.Rules of Civil Procedure, Rule 4(e) (3), 16 A.R.S. (Supp.1969–70), she has taken the position in this court that personal service was accomplished upon Donald, presumably pursuant to Rule 4(e) (2). This issue has not been presented clearly and completely in this court, and we consider it no further. Donald Bussart is the only defendant named in the complaint in the divorce action, which is cause No. 26510 in the trial court. The petitioner Keith F. Quail has entered a "special appearance" in behalf of Donald Bussart for the purpose of contesting the jurisdiction of the Superior Court over the person of Donald Bussart and over the subject matter of the divorce proceeding. A motion to dismiss the complaint for lack of jurisdiction is pending at this time.

After some preliminary motions and other matters, Irene Bussart filed a "PETITION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER," in which she alleged that the petioner Quail had entered a safety deposit box in a bank in Prescott and had removed certain United States savings bonds and other items of personal property in which she had an interest. She further alleged a scheme of economic duress on the part of Donald Bussart, a lack of alternative means of support, and an attempt by Donald Bussart to remove property from the jurisdiction of the Superior Court. She closed with a prayer that "respondents" be immediately enjoined and restrained from secreting or disposing of the properties removed from the safety deposit box, and that the "respondents" be required to account for the properties to the Court. The identity of the persons included within the designation "respondents" in the petition is not spelled out, but Donald Bussart is referred to therein as the "Defendant," and the controlling reference clearly appears to be to "KEITH QUAIL and/or associates and/or employees * * *."

On the basis of this petition, the trial judge entered the following "ORDER TO

SHOW CAUSE AND TEMPORARY RESTRAINING ORDER" in the divorce action:

"(Title and number of cause and title of order)

"On reading the verified Petition of the Plaintiff in the above entitled action, and good cause appearing therefrom,

"IT IS HEREBY ORDERED:

"That KEITH QUAIL
JOHN M. FAVOUR
JOSEPH dePASQUALE
DONALD BULECHEK
WILLIAM CRAIG
JOHN SCHUYLER, JR.

and all employees of the Law Offices of FAVOUR & QUAIL * * * appear and show cause, if any they have (at a time and place certain) why:

"(a) The above named Respondents, and each of them, should not be ordered to account to the Court for the properties obtained from the Plaintiff herein;

"(b) The above named Respondents, and each of them, should not be enjoined and restrained from secreting or disposing of the said properties in any manner or in any fashion;

\* \* \* \*

"And it further appearing to this Court that immediate and irreparable injury is likely to ensue to Plaintiff before a hearing on the aforesaid order, and that the giving of notice and delays incident thereto would permit the doing of the things from which the respondents are sought to be restrained,

"IT IS ORDERED that upon the presentation of a cash bond in the sum of $1.00 with the Clerk of this Court, that until the hearing on this Order to Show Cause:

"(a) The above named Respondents, and each of them, is (sic) enjoined and restrained from secreting or disposing of the said properties in any manner or in any fashion

"AND IT IS FURTHER ORDERED that a copy of the verified Petition filed in thist action be served upon' the Respondents, together with this Order.

"DATED (etc. and signature.)"

It will be noted that the term "Respondents" as used in the orders has an obvious reference to the six persons "above named" therein, and all employees of the law firm of Favour & Quail. It will also be noted that the defendant-petitioner Donald Bussart is not one of the indicated "Respondents."

■ Where the trial court has acted beyond its jurisdiction in issuing an injunction, prohibition is a proper remedy. Cloeter v. Superior Court, 86 Ariz. 400, 347 P.2d 33 (1959).

■ It is sometimes said that injunction is a "drastic" remedy. See, e. g., American Radiator & Standard Sanitary Corp. v. Sunbeam Corp., 125 F.Supp. 839 (S.D.N.Y. 1954). See also the 1966 State Bar Committee Note accompanying amended Rule 65(d), Ariz. Rules of Civil Procedure, 16 A.R.S. (Supp.1969–70). While "drastic" may have too strong a connotation in a complex society which demands a broad and flexible arsenal of available remedies, it effectively calls attention to the possibly dire consequences attending the issuance of an injunction, since persons subject to its terms may be required to refrain to their detriment from a course of action which they are convinced is lawful and in their best interests, or face a charge of contempt and possible imprisonment without a jury trial. For these and other reasons the requirements of injunctive orders are set forth with considerable precision in Rule 65. The requirements of an *ex parte* temporary restraining order are set forth in Rule 65(d), as amended in 1966. These requirements should be "scrupulously observed." 7 Moore's Federal Practice para. 65.11, at 1665 (2d ed. 1968).

■ It is now well settled that an injunction properly issued against a party over which the court has in personam jurisdiction may be binding upon certain classes of persons with notice who are not parties to the litigation. See Note, "Binding Nonparties to Injunction Decrees," 49 Minnesota Law Review 719 (1964–65); "Developments in the Law—Injunctions," 78 Harvard Law Review 994, at 1028–1031 (1964–65); Annot., 97 A.L.R.2d 490 (1964). If the rule were otherwise, the purpose of an injunction could be defeated by the willful act of any ally, not a party. The classes of nonparties upon which an injunction is binding are set forth in Rule 65(h). A party's agents, attorneys, and persons in active concert or participation with him are among those who may be bound.

■■ Thus, assuming the trial court did have in personam jurisdiction over Donald Bussart, as Irene Bussart now appears to contend, the trial court would have had the power to subject the attorney-petitioners and their employees, in active concert with the defendant to the terms of an injunctive order *properly issued against Donald Bussart.* But the injunctive order actually entered here did not run against Donald Bussart; indeed, except in the title or caption to the cause, his name does not appear in the order at all. Instead, the injunctive order by its terms run only against a group of "Respondents," none of whom were named or served as parties to the litigation. There is no claim of mere inadvertence, which might have been corrected in the trial court. We think it clear, and fundamental, that a court's power to subject a party's agent or other associate who is not himself a party to the litigation to the terms of an injunctive order depends for its existence upon the entry of a valid injunctive order against the party himself. Stated another way, unless the party subject to the jurisdiction of the court is bound, his nonparty associates and co-participants within the purview of Rule 65 (h) cannot be bound.

■ Although we find no case precisely in point on the facts here, we think the rule stated above inexorably flows from the basic principle that an injunctive order may not be entered *against persons* not subject to the in personam jurisdiction of the court. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260 (1917); Superior Oil Corp. v. International Association of Oil Field, Gas Well and Refinery Workers of America, Local No. 209, 176 Okl. 444, 56 P.2d 122, 123 (1936); Allen v. McClellan, 77 N.M. 801, 427 P.2d 677, 679 (1967); 7 Moore's Federal Practice para. 65.03(3) and 65.13 (2d ed. 1968). The broad basic principles which we think are controlling were stated with characteristic force and clarity by L. Hand, J., in Alemite Mfg. Corp. v. Staff, 42 F.2d 832 (2d Cir. 1930):

" * * * no court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus, the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, *but what it has power to forbid, an act of a party.*" (Emphasis added.) 42 F.2d at 832–833.

See also Berkwitz v. Humphrey, 163 F. Supp. 78 (N.D.Ohio 1958) and cases cited therein.

■ The injunctive order entered in the trial court did not forbid "an act of a party." In attempting to forbid only the acts of nonparties, the court acted beyond its jurisdiction. The order to show cause stands on no better footing, since its aim is to perpetuate the invalid temporary restraining order. The issuance of a writ of prohibition is appropriate.

**352**

Nothing herein conflicts in any way with the provisions of Rule 71, Ariz. Rules of Civil Procedure, 16 A.R.S. (1956), concerning the enforcement of orders which "* * * *may be lawfully enforced* against a person who is not a party * * *." (Emphasis added); or with the right to maintain an injunction action against an agent in an appropriate case (see Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824) and compare with Eighth Regional War Labor Board v. Humble Oil & Refining Co., 145 F.2d 462 (5th Cir. 1944)); or with the power of a court to make orders which run against non-party attorneys in their professional capacity and as officers of the court to promote the efficient administration of public justice (see United States v. Moore, 368 F.2d 990 (9th Cir. 1966)).

Respondent, at the time of filing her response herein, filed a petition requesting attorney's fees for her counsel's appearance before this court. The petition for attorney's fees fails to cite any authority for this court granting such fees. In view of our holding in this matter we need not determine whether in fact this court has such authority. Respondents' petition for attorney's fees for her counsel's appearance before this court is denied.

As indicated, we intimate no opinion as to the jurisdictional issues raised by the petitioner Donald Bussart in the trial court. We have also had no occasion to consider and we neither approve nor disapprove any other procedural or formal aspect of the injunctive proceeding. Nor do we intend to intimate that an injunction will not lie in the future against petitioners upon a proper procedural application to the trial court.

The issuance by this court of its mandate in this matter will constitute an order prohibiting the trial court from proceeding further with the order to show cause and temporary restraining order, heretofore issued against these petitioners.

EUBANK, P. J., and HAIRE, J., concur.