625 P.2d 913

Frederick B. AYER, Plaintiff/Appellant,

v.

GENERAL DYNAMICS CORPORATION, a foreign corporation, Defendant/Appellee.

No. 2 CA–CIV 3294.

Court of Appeals of Arizona, Division 2.

April 28, 1980.

Rehearing Denied June 3, 1980.

Review Denied Feb. 27, 1981.

General Dynamics, which held the legal title to a Convair aircraft, filed a replevin action against Tucson Aviation Center, Inc. After it posted the necessary bond in the sum of $300,000, the sheriff took possession of the aircraft and delivered it to General Dynamics. Upon learning of the action of General Dynamics, Ayer filed suit against General Dynamics asking for injunctive relief. Upon posting of a $100 cash bond by Ayer, the trial court issued a temporary restraining order prohibiting General Dynamics from removing the aircraft from the premises of Tucson Aviation Center.[1] In his affidavit in support of the temporary restraining order, Ayer stated that he was the beneficial or equitable owner of a 50% interest in the aircraft, that he had arranged to have it stored at Tucson Aviation Center pursuant to an agreement with General Dynamics, that he was supposed to sell the aircraft and that the removal of the aircraft by General Dynamics would interfere with any prospective sale.

At the hearing on the preliminary injunction, Ayer, before any testimony was taken, moved to dismiss his complaint without prejudice. The motion was granted. General Dynamics subsequently moved for damages against Ayer and his surety. The trial court found that the dismissal of the complaint by Ayer and the consequential dissolution of the temporary restraining order were wrongful and awarded General Dynamics damages in the sum of $2,500 for costs and attorneys fees.[2]

Ayer contends that the mere voluntary dismissal of his complaint could not form the basis of a finding that the issuance of the preliminary injunction was wrongful. General Dynamics, relying on *Coggins v. Wright*, 22 Ariz.App. 217, 526 P.2d 741 (1974), contends that the dissolution of the injunction was conclusive and that it was wrongfully issued. General Dynamics' reliance is misplaced. The rule in

Zuravsky & Fritz by James R. Fritz and Jerome A. Zuravsky, Tucson, for plaintiff/appellant.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C., by Michael J. Meehan, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

The question here is whether the trial court erred in awarding General Dynamics damages for an alleged wrongful issuance of a temporary restraining order.

1. Ayer was later ordered to post a $5,000 surety bond in addition to the cash bond.

2. On the right to recover attorney's fees for the issuance of a wrongful injunction see *U. S. Fidelity & Guaranty Company v. Frohmiller*, 71

Ariz. 377, 227 P.2d 1007 (1951); *Mason Dry Goods Co. v. Ackel*, 30 Ariz. 7, 243 P. 606 (1926). See also, Rule 65(e), Arizona Rules of Civil Procedure, 16 A.R.S.

**326**

*Coggins* only applies when the injunction is dissolved on the merits. Cf., *Williard v. Federal Surety Co.,* 91 Mont. 465, 8 P.2d 633 (1932). That is not the case here and General Dynamics had to prove that the injunction was wrongfully issued. See *Miner v. Kirksey,* 113 Kan. 715, 216 P. 284 (1923). The record clearly demonstrates that this was done.

 An injunction is an equitable remedy. See *Valley Drive-In Theater Corp. v. Superior Court,* 79 Ariz. 396, 291 P.2d 213 (1955). Courts of equity are as much bound by the plain and positive provisions of a statute as are courts of law, and where rights are clearly established and defined by statute, equity has no power to change or upset such rights. *Cloeter v. Superior Court,* 86 Ariz. 400, 347 P.2d 33 (1959); *Valley Drive-In Theater Corp. v. Superior Court,* supra. Ayer was claiming a right to possession of the aircraft. His remedy was provided by the replevin statutes, A.R.S. Sec. 12–1301, et seq.[3] After property has been delivered to the plaintiff in replevin, it may be taken from him by a third person who is a stranger to the first suit. Cf., *Moresca v. Allstate Insurance Co.,* 231 So.2d 283 (Fla.App.1970); *Coleman v. Reynolds,* 207 Mo. 463, 105 S.W. 1070 (1907); *Mohr v. Langan,* 162 Mo. 474, 63 S.W. 409 (1901); *Welter v. Jacobson,* 7 N.D. 32, 73 N.W. 65 (1897). The issuance of a temporary restraining order substituted an improper equitable remedy and an improper bond for the legal remedy of replevin which requires the posting of a bond in an amount not less than double the value of the property. To quote *Cloeter v. Superior Court,* supra, "This cannot be done." 86 Ariz. at 402, 347 P.2d 33.

 Ayer also claims that General Dynamics came into court with unclean hands and is thus precluded from obtaining equitable relief. This argument is without merit since General Dynamics did not seek equitable relief.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

3. In *General Ins. Co. of America v. Deen,* 3 Ariz.App. 187, 412 P.2d 869 (1966), we held that a person who claimed to be an owner had a right to intervene in a replevin action and become a party defendant. By the time this is done, it may be too late to execute a redelivery bond under A.R.S. Sec. 12–1304.