956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CELCO, INC., an Arizona corporation, Plaintiff,
and
Jim D. Smith, Trustee, Counter-Claimant-Appellee,
v.
PATTCHOM INTERNATIONAL ENGINEERING A.G., etc., Defendant,
and
C.K. Pithawalla, the only shareholder of Pattchom
International Engineering, A.G.; Philippe Meyer,
Defendants-Appellants.
 No. 91-15025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1992.
Decided Feb. 28, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Celco, Inc., and various individuals brought suit in the district court against Pattchom International Engineering (an entity organized under the laws of Liechtenstein), C.K. Pithawalla and Philippe Meyer in November of 1988. In January, 1990, appellee, Jim D. Smith, the court-appointed trustee in the bankruptcy of Amcico, Inc., moved to intervene in the Celco action. Smith sought and won an injunction prohibiting Pithawalla, his agents and employees, from transferring out of the United States certain monies won by Pithawalla in settlement of an unrelated action. Pithawalla seeks reversal. Applying Arizona law in this diversity action, we conclude that the district court did have the power to grant equitable relief under the circumstances and that the evidence before the court warranted such relief.
 
 
 3
 Pithawalla relies on the Arizona Supreme Court case, Cloeter v. Superior Court, 86 Ariz. 400, 347 P.2d 33 (1959) to support his claim that the injunction in this case was improper. Cloeter does not compel the conclusion that the Arizona courts would never permit an injunction freezing assets in a debtor/creditor dispute. No subsequent Arizona law has interpreted the case as appellant interprets it. Arizona law now appears to recognize the appropriateness of an injunction and bond to preserve assets pending litigation. Burch & Cracchiolo v. Pugliana, 697 P.2d 674, 681 (1985). Cloeter was concerned with adequacy of the $1.00 bond required in that case. There is no showing that the bond in this case is inadequate. Pithawalla neither offered evidence nor even alleged that freezing the assets in question would prejudice him or Pattchom in the conduct of their business affairs. The evidence that Smith will succeed on the merits of the alter ego claim and that there is a serious likelihood of prejudice to him if the injunction does not issue was sufficient to justify the district court's exercise of discretion in granting Smith the injunction.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3