291 P.2d 213

**VALLEY DRIVE–IN THEATRE CORPORATION, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF PIMA and Lee Garrett, a Judge thereof; and Benson Highway Theatre Corporation, Respondents.**

No. 6171.

Supreme Court of Arizona.

Dec. 6, 1955.

Udall & Udall and Jack G. Marks, Tucson, for petitioner.

Silver & Silver, Tucson, for respondents.

WINDES, Justice.

Valley Drive-in Theatre Corporation, as plaintiff, brought suit in the superior court of Pima County against Benson Highway Theatre Corporation, defendant, upon a conditional sales contract, alleging default on the contract and right thereunder to immediate possession of drive-in theatre equipment covered by the contract. Upon giving of a bond of $80,000 in accordance with the provisions of section 27–1603, A.C.A.1939, a writ of replevin was issued. Defendant filed a petition in the action for order enjoining the execution of the writ of replevin upon the ground that there was no default on the contract; that plaintiff therein was a competitor seeking by this means to drive defendant out of business; that plaintiff had made threats to use force in taking repossession of the equipment and had wrongfully interfered with defendant in the performance of the contract. The petition further alleged that the statutory remedy of posting redelivery bond to retain possession of the property was inadequate and that defendant would suffer irreparable damage if the relief as prayed for was not granted. After issuance of a temporary restraining order in accordance with the petition, a hearing was had as a result of which the court made findings of fact and conclusions of law and rendered judgment granting a preliminary injunction, upon the defendant giving a $100 bond, restraining and enjoining petitioner herein and its agents, including the sheriff and his deputies, from executing or enforcing the writ of replevin and ordering them to refrain and desist from repossessing the property until final judgment in the action. Plaintiff filed petition requesting a writ of prohibition to prohibit the trial court from doing any action or thing or taking any further proceeding in connection with the injunction. Alternative writ of prohibition was issued by this court.

Section 27–1603, supra, gives plaintiff in replevin the right to the possession of personal property sought to be replevied upon giving a bond payable to defendant in double the value of the property, conditioned that he will return the property to the defendant or pay its value and damages for the taking in the event plaintiff's action fails. If the plaintiff gives the aforementioned bond, defendant has the right to retain possession of the property pending the litigation by giving a like bond payable to the plaintiff. Section 27–1604, A.C.A.1939. It is plain that, under the provisions of the statute, the plaintiff has a right to take possession of the property and retain the same pending litigation if de-

fendant gives no redelivery bond. If it develops from a trial of the case on the merits that such possession was wrongfully taken, defendant is protected with a bond in double the value of the property taken. It is likewise clear that the defendant may retain the possession and suffer no damage of any kind by giving a redelivery bond. The court by issuing the injunction has substituted an equitable remedy for the statutory method whereby a defendant may regain the possession of the property. By this procedure it has substituted for the protection of the plaintiff a $100 bond in lieu of the bond in double the value of the property as required by the statute. Our view is that equitable powers of the court cannot be used to this extent. Courts of equity are as much bound by the plain and positive provisions of a statute as are courts of law. When rights are clearly established and defined by a statute, equity has no power to change or upset such rights. 19 Am.Jur., Equity, section 454. In the case of Sparks v. Douglas & Sparks Realty Co., 19 Ariz. 123, 166 P. 285, 288, this principle was so well expressed by former justice Franklin that it is worthy of quotation:

"It is but the suggestion of appellant that a court of equity may with impunity override the statute law. By the clearest and most fundamental principles that underlie the administration of justice this cannot be. The final object of equity is to do right and justice. Its principles will be applied in the construction of a statute to the end that it may be liberally construed, so that its objects may be promoted and justice effected. A court of equity will strive to get at the intention or general design of the Legislature, even though it be against the strictness of its letter; but when the statute is perfectly clear and has determined the matter with all its circumstances, equity cannot intermeddle to supply a supposed deficiency of those things which are required. This would be a determination of what the law ought to be, not what it is, and such a determination must necessarily depend upon views to be varied and fluctuating according to the personal capacity or sense of right and justice possessed by the individual judge. Such is a function of the lawmaking power, not of the courts. Equity does not permit the rights of suitors to turn upon a compliance with mere forms, nor the decision of their causes to depend upon mere technicalities, *but a court of equity can no more disregard a plain statutory provision than can a court of law. Equity has no power to assail or unsettle a perfect and independent legal right clearly defined and established by the statute."* (Emphasis supplied.)

While the facts in that case are not similar to those in this case, the principle is equally applicable.

400

Another reason why the court cannot substitute the remedy of injunction to enforce defendant's right to repossess this property is that when a statute creates a right and also provides a complete and valid remedy for the right created, the remedy thereby given is exclusive. 1 Am. Jur., Actions, section 12; National Surety Co. v. Conway, 43 Ariz. 480, 33 P.2d 276; Mosher v. Conway, 45 Ariz. 463, 46 P.2d 110. The right of the defendant to repossess the property is created by section 27–1604, supra, and the method of enforcing that right is clearly prescribed therein by giving a bond payable to the plaintiff in double the value of the property. This is defendant's exclusive method of retaking this property pending litigation. The trial court believed this to be a harsh requirement under the circumstances, but that is the concern only of the legislature. The trial judge likewise believed that since there was some showing that the defendant was not financially able to give the bond, equity could relieve him of such burden. Whether a defendant may be relieved of the burden when in financial stress is also a matter of legislative concern. Had our legislature thought it wise to make a distinction between those financially able and those financially unable to protect plaintiff with a bond when exercising the statutory right to retake the property, such distinction undoubtedly would have been embodied in the statute.

By attempting to use the court's equitable powers so as to restrict plaintiff's clear statutory right to take possession of the property under the provisions of section 27–1603, supra, and thereby enlarge defendant's statutory right to repossess the property without requiring a compliance with the clear provisions of section 27–1604, supra, the court exceeded its equitable jurisdiction. It is operating beyond the bounds which the principles of equitable jurisdiction will authorize. Under such circumstances, prohibition may issue to prevent an injunction. City of Phoenix v. Superior Court of Maricopa County, 65 Ariz. 139, 175 P.2d 811.

Defendant suggests that petitioner has a remedy by appeal and that, therefore, prohibition should not issue. It is true that ordinarily a writ of prohibition will not be allowed if one has a plain, speedy and adequate remedy by appeal, Miller v. Superior Court, 21 Ariz. 61, 185 P. 357, but in this case the evil flowing from the issuance of the injunction cannot possibly be prevented by appeal. The delay incident to appeal could not possibly rectify the wrong. In such a situation prohibition should issue.

It is ordered that a peremptory writ of prohibition issue commanding the superior court of the state of Arizona in and for the county of Pima and the judge thereof from enforcing the injunction issued herein or

taking any further proceedings in connection therewith.

LA PRADE, C. J., and PHELPS and STRUCKMEYER, JJ., concur.

UDALL, J., having disqualified himself, took no part in the determination of this appeal.