IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

TUCSON LOT 4, LLC,
AN ARIZONA LIMITED LIABILITY COMPANY,
*Plaintiff/Appellant*,


*v.*


SUNQUEST INFORMATION SYSTEMS, INC.,
A PENNSYLVANIA CORPORATION;
MISYS HOSPITAL SYSTEMS, INC.,
A PENNSYLVANIA CORPORATION; AND
MISYS PLC, A UNITED KINGDOM CORPORATION,
*Defendants/Appellees*.

No. 2 CA-CV 2016-0088
Filed November 22, 2016

_____

Appeal from the Superior Court in Pima County
No. C20160742
The Honorable Jeffrey T. Bergin, Judge

**REVERSED AND REMANDED**

_____

COUNSEL

Jackson & Oden, PC, Tucson
By Todd Jackson and Lane Oden
*Counsel for Plaintiff/Appellant*

Farhang & Medcoff, Tucson
By Ali J. Farhang, Elizabeth A. Parsons, and Robert A. Bernheim
*Counsel for Defendants/Appellees*

## OPINION

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Vásquez and Judge Miller concurred.

E C K E R S T R O M, Chief Judge:

**¶1**         Appellant Tucson Lot 4, LLC (TL4) appeals from the trial court's order granting a preliminary injunction in favor of Sunquest Information Systems, Inc. (Sunquest).  For the following reasons, we reverse the judgment of the trial court.

### Factual and Procedural Background

**¶2**         In 2004, Sunquest entered into a commercial lease agreement with TL4's predecessor in interest.  The lease was set to run from August 21, 2006 until November 30, 2016.  In 2012, Sunquest asserted to TL4 that there were issues with the calculation of square footage used as the base for the rental rate and the management fee charged under the lease.  In February 2016, TL4 filed suit against Sunquest, alleging Sunquest had stopped paying some of the operating expenses, which allegedly constituted breach of lease.  After TL4 filed suit, Sunquest ceased paying all rent. Sunquest filed numerous counterclaims.[1]  Sunquest also requested an injunction to prevent TL4 from initiating eviction proceedings or otherwise interfering with Sunquest's use of the premises.  TL4 filed an amended complaint against Sunquest for forcible detainer (FED). After an evidentiary hearing, the trial court granted Sunquest's request for a preliminary injunction.  The court's order also "den[ied] TL4's pending request for an eviction order and an award of associated damages."  This appeal followed.

---

[1]TL4 and Sunquest both raised claims against other parties, but those parties are not participants in this appeal.

## Appellate Jurisdiction

**¶3** Sunquest acknowledges that this court has appellate jurisdiction to review the trial court's preliminary injunction pursuant to A.R.S. § 12-2101(A)(5)(b). Sunquest challenges this court's jurisdiction over the denial of TL4's FED action, however, noting that the trial court's order did not contain language pursuant to Rule 54(b) or (c), Ariz. R. Civ. P. The Arizona Rules of Procedure for Eviction Actions (RPEA) generally state that "[t]he Arizona Rules of Civil Procedure [ARCP] apply only when incorporated by reference in these rules." RPEA 1. Rule 54 of the ARCP is not incorporated into the RPEA. Furthermore, A.R.S. § 12-1182(A) provides that an appeal may be taken from a forcible detainer action. Neither Rule 54(b) nor Rule 54(c) applies to an order that is independently appealable by statute. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 421, ¶ 11, 380 P.3d 659 (2016).[2]

## Preliminary Injunction

**¶4** TL4 contends the trial court erred in granting the preliminary injunction based on a failure of evidence. We do not reach the merits of the injunction because we conclude that, as TL4 argued below, the trial court did not have the authority to grant it as a matter of law. By doing so, it denied TL4 its statutory right to a FED proceeding. "Courts of equity are as much bound by the plain and positive provisions of a statute as are courts of law. When rights are clearly established and defined by a statute, equity has no power to change or upset such rights." *Valley Drive-In Theatre Corp.*

---

[2]Although TL4 stipulated to the joinder of its FED action and Sunquest's counterclaims, TL4 has maintained that the trial court implicitly considered inappropriate defenses to the FED action. *See Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 205, 167 P.2d 394, 397 (1946). Because we do not read the trial court's denial as a ruling on the merits, we do not address which defenses or counterclaims raised by Sunquest would be relevant to the FED action.

*v. Superior Court*, 79 Ariz. 396, 399, 291 P.2d 213, 214 (1955); *cf.* A.R.S. § 12-1802(1) (prohibiting injunctive relief to stay pending litigation).[3]

**¶5**        In *Valley Drive-In*, the plaintiff was awarded a writ of replevin for certain property. 79 Ariz. at 398, 291 P.2d at 214. The defendant filed a petition seeking to enjoin execution of the writ, arguing substantive reasons the writ should not have issued. *Id.* Our supreme court concluded the injunction was improper, noting that the trial court, acting in equity through its injunctive authority, had inserted financial hardship into the proceeding in spite of the implicit legislative directive not to consider it. *Id.* at 400, 291 P.2d at 215.

**¶6**        Here, likewise, our legislature has established a procedure for determining whether a landlord may evict a tenant. *See Curtis v. Morris*, 184 Ariz. 393, 398, 909 P.2d 460, 465 (App. 1995) (purpose of FED action is to provide summary, speedy remedy for landlord), *approved*, 186 Ariz. 534, 925 P.2d 259 (1996). That procedure precludes a court from considering a tenant's financial hardship as a factor in determining the right to possession, the only issue relevant in a FED action. *See* A.R.S. § 12-1177(A) ("On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into."). Thus, just as in *Valley Drive-In*, Sunquest's action seeking injunctive relief is an improper attempt to insert the issue of hardship where our legislature has stated it does not belong. *See* 79 Ariz. at 400, 291 P.2d at 215; *see also Sult v. O'Brien*, 15 Ariz. App. 384, 388, 488 P.2d 1021, 1025 (1971) ("The maxim that equity follows the law is strictly applicable whenever the rights of the parties are clearly defined and established by statutory provisions."). The trial court therefore erred in granting an injunction preventing TL4 from proceeding with a FED action.

---

[3] Section 12-1802(1) arguably would independently bar Sunquest's request for injunctive relief. But because the parties have not discussed this statute, and because it is not necessary to the resolution of this case, we do not address it.

**Eviction Order**

**¶7**            The trial court's ruling did not include a finding whether Sunquest was guilty of the forcible detainer TL4 alleged in its amended complaint. It appears that the court denied the eviction request on the basis that such a proceeding was enjoined rather than making a determination on the merits. Because we vacate the injunction, we likewise vacate the trial court's ruling denying the eviction order. We do not address the merits of the FED claim or whether TL4 properly initiated an eviction action.

**Bond**

**¶8**            TL4 next contends that the trial court should have required Sunquest to pay the rental value of the property as bond during the pendency of the appeal. Because we conclude the trial court erred in granting the injunction, we need not decide this issue.

**Attorney Fees**

**¶9**            TL4 requests its attorney fees "pursuant to Rule 21, ARCAP, the terms of the Lease, and A.R.S. §§ 12-341 and 12-341.01." Under § 12-341.01(A), attorney fees may be awarded to a "successful party" in a contract action. If a contract provides for attorney fees, such an award is mandatory. *See Bennett v. Appaloosa Horse Club,* 201 Ariz. 372, ¶ 26, 35 P.3d 426, 432 (App. 2001).

**¶10**           However, TL4 has not achieved a final determination on the merits. A "'successful party' . . . may include those who achieve reversal of an unfavorable interim order if that order is central to the case and if the appeal process finally determines an issue of law sufficiently significant that the appeal may be considered as a separate unit." *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 393-94, 710 P.2d 1025, 1048-49 (1985). This appeal does not meet either of these criteria, and we therefore determine TL4 is not a successful party for purposes of attorney fees.

**¶11**           However, because TL4 is the "successful party" in that it has accomplished its goal in this appeal, we award TL4 its costs on appeal pursuant to A.R.S. § 12-341, pending compliance with Rule 21, Ariz. R. Civ. App. P. *See Mahurin v. Schmeck*, 95 Ariz. 333,

343, 390 P.2d 576, 582 (1964); *cf. Henry v. Cook*, 189 Ariz. 42, 44, 938 P.2d 91, 93 (App. 1996) (attorney fees on appeal "can be apportioned between successful and unsuccessful efforts" but costs cannot be apportioned).

## Disposition

¶12     For the foregoing reasons, we reverse the trial court's granting of a preliminary injunction.   We remand this case for further proceedings consistent with this opinion.