NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# Arizona Court of Appeals
## Division One

JD'S RIVER BOTTOM, LLC, *Plaintiff/Appellant,*

v.

MARICOPA COUNTY, et al., *Defendants/Appellees.*

LCR 723-725 SCOTTSDALE LLC, *Intervenor/Appellee.*

No. 1 CA-CV 22-0240
FILED 5-30-2023

Appeal from the Superior Court in Maricopa County
No.  CV2020-002438
LC2020-000074-001
The Honorable Tracey Westerhausen, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness, PC, Phoenix
By Dennis I. Wilenchik, John D. Wilenchik, Ross P. Meyer
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Wayne J. Peck, Sherle R. Flaggman, Joseph Branco, Sean Moore
*Counsel for Defendants/Appellees*

Bergin Frakes Smalley & Oberholtzer, PLLC, Phoenix
By Kenneth M. Frakes, Daniel Goldschmidt
*Counsel for Intervenor/Appellee*

Signature Law Group, PLLC, Prescott
By Henry E. Whitmer
*Counsel for Amicus Curiae*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Chief Judge Kent E. Cattani joined.

---

**P A T O N**, Judge:

¶1 JD's River Bottom, LLC ("JD") appeals the superior court's grant of summary judgment in favor of Maricopa County and the Maricopa County Board of Adjustment ("Board") and the denial of JD's summary judgment motion. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 JD is a business entity that seeks to open and operate a medical marijuana dispensary in Maricopa County at a site that is in close proximity to three protected uses: (1) 61 feet from an adult-oriented business, (2) 1,325 feet from a public park, and (3) 137 feet from another property that previously received a conditional zoning variance in June 2018 for a medical marijuana dispensary, owned by LCR 723-725 Scottsdale, LLC ("Sunday Goods"). The zoning ordinance for the unincorporated area of Maricopa County ("Ordinance") applicable to the site would ordinarily prohibit JD's proposed dispensary operation due to its proximity to these protected uses.

¶3 County boards of adjustment may grant variances where a party shows that "owing to peculiar conditions, a strict interpretation [of the zoning ordinance] would work an unnecessary hardship and if in granting the variance the general intent and purposes of the zoning ordinance will be preserved." A.R.S. § 11-816(B)(2).

¶4 JD applied to the Board for relief from the requirements of the Ordinance on March 18, 2019. After learning that Board staff intended to

2

recommend denial of the variance request, JD filed a special action in the superior court challenging the validity of the Sunday Goods variance, which the court dismissed for lack of standing because JD had not yet presented any variance request to the Board.

**¶5** JD then presented its request to the Board. Following a hearing and public comment, the Board denied JD's variance requests. JD appealed to the superior court pursuant to Section 11-816(D), challenging the denial of the park and adult-business variances. It also filed a separate special action arguing that because Sunday Goods had not complied with the conditions of its variance JD should not be required to get a dispensary distance variance.

**¶6** The superior court consolidated the two matters, and both parties moved for summary judgment. The court granted summary judgment in favor of the Board. It found that the property JD wanted to operate its dispensary on did not contain any peculiar conditions justifying park and adult-business variances. Specifically, it found that (1) the characteristics of the property JD identified as peculiar were not inherent to the property (*i.e.*, lot size) and (2) because Sunday Goods requested a variance on identical grounds, those characteristics could not be peculiar.

**¶7** The superior court also found that the Board had no statutory authority to impose conditions on a variance. Consequently, the Sunday Goods variance remained in effect whether Sunday Goods complied with the conditions set by the Board or not. Therefore, JD still needed a variance for the dispensary distance regulation. The court rejected several of the County's arguments, including its suggestion that JD needed to be eligible to operate a medical marijuana dispensary to apply for a variance.

**¶8** JD timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") Sections 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

**¶9** We review a grant of summary judgment de novo. *Glazer v. State*, 237 Ariz. 160, 167, ¶ 29 (2015). Summary judgment is appropriate if the facts produced in support of a claim or defense "have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). JD raises two issues on appeal: (1) whether it presented a genuine dispute of material fact

as to peculiar conditions warranting a variance and (2) whether Sunday Goods' variance was valid.

**I.      The superior court did not err by finding JD failed to demonstrate "peculiar conditions" presenting an "unnecessary hardship."**

**¶10**      JD argues that "whether a peculiar condition exists on a property" is inherently a factual question that must be decided by a finder of fact.  It may be true that whether a condition of any kind is present on a property is a question of fact.  But whether a condition is properly defined as "peculiar," or more generally falls within the scope of Section 11-816(B), is inherently a legal question because it involves the interpretation and application of a statute.  *See Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 296, ¶ 30 (App. 2011).

**¶11**      JD argues that four existing conditions present a genuine dispute of material fact: (1) the property's "size, location[,] surroundings" and zoning; (2) the property's location in the Tempe North Community Health Analysis Area ("CHAA"); (3) the property's location on a "county island" distant from "more protected uses;" and (4) its proximity to the Sunday Goods variance approval.

**¶12**      No Arizona cases define "peculiar condition," but we find the out-of-state cases the County cited in its briefing persuasive.  A peculiar condition is one that arises "from the physical conditions of the land itself which distinguish it from other land in the general area." *City and Borough of Juneau v. Thibodeau*, 595 P.2d 626, 635 (Alaska 1979) (disavowed on other grounds by *State v. Alex*, 646 P.2d 203, 208, n. 4 (Alaska 1982)).  To be eligible for a variance, a property's peculiar condition must cause it to "differ[] substantially and in relevant aspects from other parcels in the zone . . . ." *Topanga Assn. for a Scenic Cmty. v. Cnty. of Los Angeles*, 522 P.2d 12, 22 (Cal. 1974).

**¶13**      Each of the purported "peculiar conditions" JD cites would swallow the rule that they be peculiar to the property in question.  And the County's argument that the property must have completely unique conditions is too broad.

**¶14**      The location of the property in an unincorporated area on a "county island," its proximity to Sunday Goods, and its location in the Tempe North CHAA are all conditions that, more than merely affecting the Sunday Goods location, affect *all* nearby properties. *See Thibodeau*, 595 P.2d at 636 ("[W]here the ordinance equally affects all property in the same

zoning classification, relief from [the ordinance] must come from . . . an amendment to the zoning code."). By JD's own definition, the application of these laws cannot be peculiar to JD's parcel. Because JD points us to nothing that distinguishes its property from any other in the set of affected properties, we find that it has not established a peculiar condition.

¶15 JD argues that the County is "trying to have it both ways" because Sunday Goods was granted a Section 11-816(B) variance but JD was not. JD, however, is not appealing (in this respect) the Sunday Goods variance, so the question of whether Sunday Goods met the "peculiar conditions" requirement under the statute is not before us. We find no error.

¶16 Even if we were to assume a peculiar condition exists on JD's property, we agree with the County that JD failed to show unnecessary hardship, which exists when "the land in question cannot yield [a] reasonable return" absent the variance. *See Santa Cruz Cnty. v. S. Ariz. Christian Assembly*, 22 Ariz.App. 507, 509 (1974); *see also Ivancovich v. City of Tucson Bd. of Adj.*, 22 Ariz.App. 530, 538 (1974). While perhaps more difficult to use this particular zoned property without a variance, JD concedes in its opening brief that the property can be used for other industrial purposes. This concession on its own puts the property outside the scope of Section 11-816(B). The superior court did not err.

## II. Special action relief was not available for JD's challenge of the Sunday Goods variance in superior court.

¶17 JD separately argues that because Sunday Goods has not complied with the conditions attached to its variance, the variance has lapsed, and eliminated a variance that is required for Sunday Goods to operate a dispensary. The superior court considered these arguments in JD's special action petition and rejected them.

¶18 But JD failed to exercise its statutory right to appeal the Board's decision to grant Sunday Goods' variance or, more to the point, the Board's failure to revoke it after conditions were not met—a remedy that was otherwise "plain, speedy, and adequate." Ariz. R.P. Spec. Act. 1(a). Section 11-816(D) provides that an appeal from a decision of the Board may be filed in the superior court within 30 days of the decision by "any person aggrieved in any manner." And "when a statute creates a right and also provides a complete and valid remedy for the right created, the remedy thereby given is exclusive." *Valley Drive-In Theatre Corp. v. Super. Ct.*, 79 Ariz. 396, 400 (1955). Because JD contends it was aggrieved by the Sunday

Goods variance, it was required to pursue repeal of the variance, and then appeal any denial, to challenge the Board's decision. It cannot challenge the existence of the variance in an unrelated administrative appeal concerning its own variance; the validity of the Sunday Goods variance was not before the Board. *See Land Dep't v. O'Toole*, 154 Ariz. 43, 47 (App. 1987) (noting that declaratory relief is generally unavailable where "another equally or more appropriate remedy is available."). Special action jurisdiction to the superior court is not available to circumvent a form of statutory relief of which JD did not avail itself. Consequently, the superior court lacked jurisdiction to consider the merits of that aspect of JD's claim, as do we.

### III.     We deny JD's request for fees and sanctions.

¶19          JD requests attorneys' fees and costs pursuant to Sections 12-341, 12-348, and 12-1840. JD also requests sanctions against Appellees for defending a frivolous position pursuant to Arizona Rule of Appellate Procedure 25. We deny these requests.

### CONCLUSION

¶20          We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA